

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY A. TURNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-963-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gregory A. Turner, who was a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) when the petition was filed, against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On October 2, 2013, a jury in Tarrant County, Texas, Case No. 1343101R, found petitioner guilty of aggravated assault with a deadly weapon and the trial court assessed his punishment at 7 years' confinement. (Clerk's R. 283.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and denied his motion for

rehearing. (Mem. Op. 25; Docket Sheet 2.) Although petitioner was given until November 30, 2015, to file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals, he did not file a timely PDR. *See* TEX. JUDICIAL BRANCH, http://search.txcourts.gov. On July 11, 2016,[1] petitioner filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on February 1, 2017, without written order on the findings of the trial court. (SHR03[2] 26 & Action Taken.) The instant federal petition was filed on December 4, 2017.[3] Respondent asserts that the petition should be dismissed with prejudice as time-barred under the federal statute of limitations. (Resp't's Preliminary Answer 4-9.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 17 of the application reflects the date the application was signed by petitioner. For purposes of this opinion, petitioner's state habeas application is deemed filed on that date.

[2] "SHR03" refers to the record of petitioner's state habeas proceeding in WR-81,971-03.

[3] Similarly, a prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner does not include the date he placed the document in TDCJ's mailing system, if in fact he did so. Therefore, he is not given the benefit of the prison-mailbox rule.

2

corpus filed by state prisoners. Section 2244(d) provides:

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to his 2013 state-court conviction, subsection (A) is applicable to this case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final

3

upon expiration of the time that he had for filing a timely PDR in the Texas Court of Criminal Appeals on November 30, 2015. *See* Tex. R. App. P. 68.2(a). Thus, limitations commenced the next day and closed one year later on November 30, 2016, absent any tolling.[4]

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application operated to toll limitations for 206 days, making his federal petition due on or before June 22, 2017. Consequently, the petition is untimely unless tolling as a matter of equity is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty

---

[4]The year 2016 was a leap year.

beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). The petitioner bears the burden to establish that equitable tolling is justified. *See Holland,* 560 U.S. at 649.

Petitioner does not point to new, reliable evidence that would support a claim of actual innocence. Nor has he demonstrated that extraordinary circumstances prevented him from filing a timely petition. Difficulty obtaining state-court records, transfers between prison units, lockdowns, and limited access to legal documents and a law library are common problems among inmates who are trying to pursue postconviction habeas relief. Such circumstances are incident to ordinary inmate status and do not constitute extraordinary circumstances. *See Scott v. Stephens,* No. 4:13-CV-384-A, 2013 WL 3870648204, at *3 (N.D.Tex. July 25, 2013); *Sasser v. Thaler,* No. 4:12-CV-084-Y, 2012 WL 5990953, at *3 (N.D.Tex. June 14, 2012); *Vickery v. Thaler,* No. 4:10-CV-249-A, 2010 WL 2884904, at *2 (N.D.Tex. July 19, 2010).

Petitioner fails to invoke subsections (B), (C) or (D) under § 2244(d)(2) or show that he pursued his rights with reasonable diligence but was prevented from filing a timely petition by extraordinary circumstances or that he is actually innocent for purposes of equitable tolling. Therefore, Petitioner's federal petition was due on or June 22, 2017. His petition, filed on December 4, 2017, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED December 19, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE